AO 245C  (Rev. 09/11) Amended Judgment in a Criminal Case          (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| JUAN CARLOS LOPES-FLORES aka | Case Number:     3:11-CR-131-LRH-VPC-3 |
| Juan Perez-Ayala aka "Luis" aka | USM Number:     46377-048 |
| Juan Carlos Lopez-Flores (True Name) | |

**Date of Original Judgment:**   **10/9/12**        Loren Graham, CJA
**(Or Date of Last Amended Judgment)**              Defendant's Attorney

Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

(X) Correction of sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐     Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

(X) pleaded guilty to count(s) 7 & 8 of the Second Superseding Indictment filed 4/25/12

☐ pleaded nolo contendere to count(s) _____
      which was accepted by the court.

☐ was found guilty on count(s) _____
      After a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) and (b)(1)(C) and 18 U.S.C. 2 | Distribution of Heroin Aiding and Abetting | 11/9/11 | 7 |
| 21 U.S.C. 841(a)(1) and (b)(1)(C) and 18 U.S.C. 2 | Possess w/Intent to Distribute Heroin Aiding and Abetting | 11/17/11* | 8 |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

(X) Count(s) 1 & 10 of the Second Superseding Indictment    are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

☑ FILED     ___ RECEIVED
___ ENTERED     ___ SERVED ON
     COUNSEL/PARTIES OF RECORD

**DEC 1 2 2012**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

12/10/12
Date of Imposition of Judgment

Signature of Judge
Larry R. Hicks, U.S. District Judge
Name and Title of Judge

12/11/12
Date

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment - Page __2__ of __7__

DEFENDANT:      JUAN CARLOS LOPES-FLORES aka Juan Perez-Ayala aka "Luis" aka
                Juan Carlos Lopez-Flores (True Name)
CASE NUMBER:    3:11-CR-131-LRH-VPC-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **SIXTY (60) MONTHS**

(X)  The court makes the following recommendations to the Bureau of Prisons:

**FACILITY WITH VIDEO VISITATION WITH FAMILY IN MEXICO.**

(X)  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____

_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNTIED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Judgment - Page __3__ of __7__

DEFENDANT:     JUAN CARLOS LOPES-FLORES aka Juan Perez-Ayala aka "Luis" aka
                       Juan Carlos Lopez-Flores (True Name)
CASE NUMBER:   3:11-CR-131-LRH-VPC-3

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

(X)     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

(X)     The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐      The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐      The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)     the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)     the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)     the defendant shall support his or her dependents and meet other family responsibilities;
5)     the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)     the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)     the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)     the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment - Page __4__ of __7__

DEFENDANT:      JUAN CARLOS LOPES-FLORES aka Juan Perez-Ayala aka "Luis" aka
                Juan Carlos Lopez-Flores (True Name)
CASE NUMBER:    3:11-CR-131-LRH-VPC-3

## SPECIAL CONDITIONS OF SUPERVISION

1.   <u>Possession of Weapon</u> - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2.   <u>Warrantless Search</u> - The defendant shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation office, or any other authorized person under the immediate and personal supervision of the probation office without a search warrant to ensure compliance with all conditions of release.

3.   <u>Immigration Compliance</u> - If defendant is deported, he shall not reenter the United States without legal authorization.

4.   <u>True Name</u> - Defendant shall use his true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment - Page __5__ of __7__

DEFENDANT: JUAN CARLOS LOPES-FLORES aka Juan Perez-Ayala aka "Luis" aka
Juan Carlos Lopez-Flores (True Name)
CASE NUMBER: 3:11-CR-131-LRH-VPC-3

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ WAIVED | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Office<br>Case No. 3:11-CR-131-LRH-VPC-3<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| TOTALS | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 6- Schedule of Payments

Judgment - Page __6__ of __7__

DEFENDANT:     JUAN CARLOS LOPES-FLORES aka Juan Perez-Ayala aka "Luis" aka
               Juan Carlos Lopez-Flores (True Name)
CASE NUMBER:   3:11-CR-131-LRH-VPC-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   (X)   Lump sum payment of $ 200.00 _____ due immediately, balance due

        ☐   Not later than _____, or
        ☐   in accordance  ☐ C,  ☐ D,  ☐ E, or ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period
of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this
judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period
of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay
at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

(X)   The defendant shall forfeit the defendant's interest in the following property to the United States:
**SEE ATTACHED**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
    Sheet 7- Denial of Federal Benefits

Judgment - Page __7__ of __7__

DEFENDANT:    JUAN CARLOS LOPES-FLORES aka Juan Perez-Ayala aka "Luis" aka
                     Juan Carlos Lopez-Flores (True Name)
CASE NUMBER:    3:11-CR-131-LRH-VPC-3

## DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed On or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

    IT IS ORDERED that the defendant shall be:

(X)    ineligible for all federal benefits for a period of <u>TEN (10) YEARS</u> .

☐    ineligible for the following  federal benefits for a period of _____ .
    *(specify benefit(s))*

## OR

☐    Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

    IT IS ORDERED that the defendant shall:

☐    be ineligible for all federal benefits for a period of _____ .

☐    be ineligible for the following  federal benefits for a period of _____ .
    *(specify benefit(s))*

☐    successfully complete a drug testing and treatment program.

☐    perform community service, as specified in the probation and supervised release portion of this judgment.

    IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

    Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility.  The clerk is responsible for sending a copy of this page and the first page of this judgment to:

    U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8   UNITED STATES OF AMERICA,                    )
                                                 )
9              Plaintiff,                         )
                                                 )
10        v.                                      )          3:11-CR-131-LRH (VPC)
                                                 )
11   JUAN CARLOS LOPES-FLORES,                    )
                                                 )
12             Defendant.                         )

13                 **PRELIMINARY ORDER OF FORFEITURE**

14        This Court finds that on July 10, 2012, defendant JUAN CARLOS LOPES-FLORES pled

15   guilty to Counts Seven and Eight of a Fourteen-Count Second Superseding Criminal Indictment

16   charging him in Count Seven with Distribution of Heroin, in violation of Title 21, United States

17   Code, Section 841(a)(1) and (b)(1)(C), and in Count Eight with Possession with Intent to

18   Distribute Heroin in violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(C).

19   Second Superseding Indictment, ECF No. 98; Minutes of Proceedings, ECF No. 141; Amended

20   Plea Agreement, ECF No. 143.

21        This Court finds defendant JUAN CARLOS LOPES-FLORES agreed to the forfeiture of the

22   property set forth in Forfeiture Allegation of the Second Superseding Criminal Indictment. Second

23   Superseding Indictment, ECF No. 98; Minutes of Proceedings, ECF No. 141; Amended Plea

24   Agreement, ECF No. 143.

25        This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America

26   has shown the requisite nexus between property set forth in the Forfeiture Allegation of the Second

1   Superseding Criminal Indictment and the offense to which defendant JUAN CARLOS LOPES-

2   FLORES pled guilty.

3       The following asset is subject to forfeiture pursuant to Title 21, United States Code, Section

4   853:

5           1.      United States Currency in the amount of $20,649.00 seized on November 17,

6                   2011, from the premises located at 1495 Auburn Way, Reno, Nevada, as part

7                   of the execution of a federal search warrant for that premises ("property").

8       This Court finds the United States of America is now entitled to, and should, reduce the

9   aforementioned property to the possession of the United States of America.

10      NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

11  United States of America should seize the aforementioned property.

12      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of

13  JUAN CARLOS LOPES-FLORES in the aforementioned property is forfeited and is vested in the

14  United States of America and shall be safely held by the United States of America until further

15  order of the Court.

16      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America

17  shall publish for at least thirty (30) consecutive days on the official internet government forfeiture

18  website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state

19  the time under the applicable statute when a petition contesting the forfeiture must be filed, and

20  state the name and contact information for the government attorney to be served with the petition,

21  pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

22      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed

23  with the Clerk of the Court, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South

24  Virginia Street, 3rd Floor, Reno, NV 89501.

25      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any,

26  shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the

following address at the time of filing:

> Greg Addington
> Assistant United States Attorney
> 100 West Liberty Street, Suite 600
> Reno, NV 89501

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

DATED this 26th day of July, 2012.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE